O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE 3 TWO INC., dba OBEY CLOTHING,<br><br>         Plaintiff,<br><br>    v.<br><br>AKAME, INC., dba DESTINY FASHIONS et al.,<br><br>         Defendants. | Case No. 2:12-cv-6836-ODW(JCGx)<br><br>**ORDER GRANTING WAGNER & ASSOCIATES' MOTION TO WITHDRAW AS COUNSEL [27], [28]** |

On January 4, 2013, Defendant Eugene Okorie attempted to substitute himself for his current counsel, Daniel Wagner of Wagner & Associates, and proceed pro se on behalf of himself and Akame, Inc.  (ECF No. 20.)  The Court struck the substitution because corporations may not represent themselves in federal court.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993).  (ECF No. 23.)

On February 14, 2013, Wagner & Associates moved to withdraw as counsel, alleging that Defendants have failed to pay the firm any fees in over three months.  (Wagner Decl. ¶ 4.)  Wagner has also had little communication with Defendants.  (*Id.* ¶ 3.)  As of the date of this order, Defendants have not opposed the withdrawal.

Local Rule 83-2.9.2.1 requires an attorney to obtain leave from the court to withdraw as counsel.  California's Rules of Professional Conduct generally govern an attorney's conduct before this Court, including circumstances permitting withdrawal.

*See* L.R. 83-3.1.2. An attorney may request permission to withdraw if the client has breached a payment obligation to the attorney. Cal. R. Prof'l Conduct 3-700(C)(1)(f).

A district court has discretion to permit or deny an attorney's withdrawal. *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 2:09-cv-3200 PSG(VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Courts often consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

Defendants have not paid Wagner for services rendered in over three months. They have also had little to no communication with their attorney. Defendants were apparently aware of Wagner's desire to withdraw since at least January 4, 2013, because Okorie purported to proceed pro se on behalf of himself and Akame, Inc. Wagner also mailed a copy of this Motion to Defendants on February 14, 2013. Further, none of the dates in the Court's Scheduling and Case Management Order have passed, so Defendants should not be unduly prejudiced by Wagner's withdrawal.

The Court therefore **GRANTS** Wagner & Associates' Motion to Withdraw as Counsel. (ECF Nos. 27, 28.) Wagner is **ORDERED** to serve a copy of this Order on all parties and file proof of service with the Court.

**IT IS SO ORDERED.**

March 11, 2013

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**